IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 15–13–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| JENNIFER B. BUSHNELL, | |
| Defendant. | |

On September 14, 2016, this Court sentenced Defendant Jennifer B. Bushnell to 12 months and one day imprisonment, followed by a supervised release term of five years. (Doc. 69.) Bushnell discharged her custodial sentence on January 6, 2017 and began her term of supervised release the same day. (Doc. 80 at 2.) To date, therefore, Bushnell has served just shy of 52 months of her 60-month term of supervision, and she asks the Court to terminate her supervision now, pursuant to 18 U.S.C. § 3583(e)(1). (Doc. 79.)

After considering the factors set forth in 18 U.S.C. § 3553(a), a district court may "terminate a term of supervised release and discharge the defendant . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(a). For its part, § 3553(a) requires a court to

-1-

consider "the nature and circumstances of the offense and the history and characteristics of the defendant[,]" as well as the need for the sentence imposed to: (1) "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; (2) "to afford adequate deterrence to criminal conduct"; (3) "to protect the public from further crimes of the defendant"; and (4) "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a).  Finally, the court need not hold a hearing to modify a term of supervised release so long as "the relief sought is favorable to the person and does not extend the term of . . . supervised release[,]" and the attorney for the government does not object.  Fed. R. Crim. P. 32.1(c)(2)(B)–(C).

As a threshold matter, Bushnell has certainly met the temporal requirement for early termination.  That is, she has served more than one year of her term of supervised release.

Next, the Court considers the circumstances of the offense that brought Bushnell under the supervision of the United States Probation Office— possession with intent to distribute methamphetamine.  As the Court explained when it imposed a custodial sentence that varied substantially downward from the advisory range, Bushnell's role in the meth distribution ring "was the least significant of any

other co-conspirator." (Doc. 70 at 4.) Furthermore, the Court determined that Bushnell's motivation as it related to the conspiracy was based solely on her addiction. (*Id.*) And finally, the Court noted at sentencing that Bushnell's criminal history was "near[ly] non-existent." (*Id.*) In sum, nothing about the nature and circumstances of the offense cause the Court hesitation about granting the relief Bushnell seeks.

Additionally, the eleven letters submitted on Bushnell's behalf (Docs. 80-1–80-11) speak for themselves in terms of her history and characteristics. By all accounts, Bushnell stumbled into an addiction to methamphetamine which ultimately landed her in prison. However, since her release, Bushnell has been a model mother, daughter, friend, employee, and community member. Further buttressing the letters of support from her friends, family, coworkers, lawyer, and church leaders is the letter from Bushnell's supervising Probation Officer. (Doc. 80-2.) There, Officer Kade Henderson explains that, despite "one low level instance of noncompliance," Bushnell is a "great candidate for early termination." (*Id.*) Thus, the history and characteristics of Bushnell, too, weigh in favor of early termination.

Finally, the Court finds no evidence that continuing Bushnell's termination to its natural conclusion advances any factor set out in § 3553(a)(2). She has

served prison time and has been under supervision for nearly four-and-a-half years. The restraints on Bushnell's freedom to date reflect the seriousness of the offense, and an additional eight months of supervision is unnecessary to serve this goal. And Bushnell's conduct on supervision demonstrates that further monitoring is unnecessary to deter her from criminal conduct or otherwise protect the public. Furthermore, Bushnell has maintained gainful employment and appears to be advancing in her field; additional vocational training is unnecessary.

In total, the Court is satisfied that early termination is warranted by Bushnell's conduct and the interest of justice. 18 U.S.C. § 3583(a). Thus, and in view of the lack of objection from the government and the United States Probation Office,

IT IS ORDERED that the motion (Doc. 79) is GRANTED. Bushnell's term of supervised release, as set out in the September 14, 2016 Judgment (Doc. 69), is TERMINATED as of the date of this Order.

IT IS FURTHER ORDERED that the Clerk shall notify the United States Probation Office and the United States Marshals Service of the making of this Order.

DATED this 23rd day of April, 2021.

_____
Dana L. Christensen, District Judge
United States District Court